Feng Jin LIU, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–4655–AG, A 79 228 206NAC.

United States Court of Appeals, Second Circuit.

March 20, 2006.

Michael Brown, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney, Southern District of Florida; Anne R. Schultz, Chief, Appellate Division; Kathleen M. Salyer, Deputy Chief, Appellate Division, Miami, Florida, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. BARRINGTON D. PARKER, Jr., and Hon. RICHARD C. WESLEY, Circuit Judges.

SUMMARY ORDER

Feng Jin Liu, through counsel, petitions for review of the August 18, 2005 BIA order denying her motion to reopen and remand, and affirming Immigration Judge

Gabriel C. Videla's ("IJ") decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA "adopts the decision of the IJ and merely supplements the IJ's decision ... we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005). This Court reviews the agency's findings of fact under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004).

*Asylum*

■ Here, the BIA agreed with the IJ's ruling that Liu failed to demonstrate that she filed her asylum application within the applicable one-year deadline, or that exceptional circumstances excusing the late filing were present. Because Liu's challenge to this determination fails to raise any colorable constitutional claims or questions of law, this Court lacks jurisdiction to review the denial of Liu's asylum claim based on the one-year bar. *See* 8 U.S.C. 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 146 (2d Cir.2006).

*Withholding of Removal*

■ The BIA also agreed with the IJ's adverse credibility determination, which formed the basis for the denial of Liu's withholding claim. This determination is not supported by substantial evidence. Although the IJ accurately observed that Liu's testimony was internally inconsistent with respect to whether she had undergone a traditional wedding ceremony, this matter was ancillary to her claim that she had endured a forced abortion. Because there is nothing in the record to suggest that a couple's traditional wedding ceremo-

ny has any bearing on whether they are in compliance with the family planning policy, this inconsistency was not fatal to Liu's claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

■ Further, the IJ engaged in speculation in finding implausible Liu's testimony regarding the manner in which she was discovered at her aunt's home, and the authorities' decision to pursue her even if they were not aware of whether she had undergone a traditional wedding ceremony. Liu specifically testified that the authorities had refused to allow her to apply for marriage *registration* due to her age and warned her not to get pregnant, and a State Department report states that it is illegal for such unmarried women to bear children. The record thus indicates there was ample reason for the authorities to pursue Liu.

Similarly, in supplementing the IJ's decision, the BIA's assertion that Liu "failed to show that her story regarding her apprehension by the authorities is reliable," lacked a "specific, cogent" rationale. *See Secaida–Rosales,* 331 F.3d at 307. The BIA did not identify problems with the testimony, nor explain the other deficiencies elsewhere.

*CAT*

■ At the same time, substantial evidence supports the IJ's finding that Liu did not establish eligibility for CAT relief. Although Liu testified that she would be imprisoned and beaten because she was smuggled out of the country, she did not explain why she believed such events would actually transpire in her case. This claim, "[w]ithout more particularized evidence," did not establish that it would be more likely than not that Liu would be "mistreated in any way" as relevant to the CAT. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160–61 (2d Cir.2005) (holding that a request for CAT relief based *solely* on the fact that the applicant

is part of the large class of persons who have illegally left China was insufficient to compel a finding that the applicant was entitled to relief).

*Motion to Remand*

■ The BIA's denial of Liu's motion to remand for further factfinding was not an abuse of discretion because Liu's new pregnancy failed to make out a prima facie case. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED with respect to the withholding of removal claim, and the case is remanded for further proceedings consistent with this decision. The pending motion for a stay of removal in this petition is DENIED as moot.